IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DIGECOR, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>E.DIGITAL CORPORATION, a Delaware corporation; DOES 1 to 20, individuals;<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING AS MOOT DEFENDANT'S MOTION TO CONTINUE PURSUANT TO RULE 56(f) AND PLAINTIFF'S MOTION TO STRIKE<br><br>Case No. 2:06-CV-437 TS |

This matter is before the Court on Plaintiff's Motion for Partial Summary Judgment, Defendant's Rule 56(f) Motion, and Plaintiff's Motion to Strike. Plaintiff requests the Court enter judgment that Defendant has violated the 2002 non-disclosure agreement ("2002 NDA") between Aircraft Protective Systems, Inc. ("APS") and e.Digital. Defendant opposes this Motion and requests additional time to conduct discovery pursuant to Rule 56(f). Finally, Plaintiff moves to strike certain portions of declarations and exhibits submitted by Defendant in opposition to Plaintiff's Motion for Partial Summary Judgment. The Court heard oral argument

1

on the motions on October 9, 2007.  For the reasons discussed below, the Court will deny Plaintiff's Motion for Partial Summary Judgment without prejudice.  As a result of this ruling, it is unnecessary for the Court to rule on the remaining motions.  Therefore, they will be denied as moot.

## I.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and it is entitled to judgment as a matter of law.[1]  In considering whether genuine issues of material fact exist, the Court determines whether a reasonable jury could return a verdict for the nonmoving party in the face of all the evidence presented.[2]  The Court is required to construe all facts and reasonable inferences in the light most favorable to the nonmoving party.[3]  Importantly, "[s]ummary judgment should not be granted 'where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition.'"[4]

## II.  BACKGROUND

At the outset, it must be emphasized that this case is relatively new.  The parties have yet to complete discovery.  In fact, in accordance with the Scheduling Order, fact discovery is not to be completed until April 18, 2008 and expert discovery is not to be completed until June 27,

---

[1] *See* Fed. R. Civ. P. 56(c).

[2] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Clifton v. Craig*, 924 F.2d 182, 183 (10th Cir. 1991).

[3] *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wright v. Southwestern Bell Tel. Co.,* 925 F.2d 1288, 1292 (10th Cir. 1991).

[4] *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1521 (10th Cir. 1992) (quoting *Anderson*, 477 U.S. at 257 n.5).

2008.[5]  The deadline for filing dispositive motions is July 18, 2008.[6]  With this procedural background in mind, the Court moves to the facts pertinent to this Motion.

The facts surrounding this Motion are largely disputed.  At issue is an agreement—the 2002 NDA—entered into by APS and e.Digital.  The 2002 NDA provides that, in exchange for the disclosure by Boyer to Defendant e.Digital of certain "Confidential Information," e.Digital agreed:

1. Not to use the information therein except for evaluating its interests in entering a business relationship with WILLIAM J. BOYER, JR.
2. To safeguard the information against disclosure to others with the same degree of care as exercised with its own information of a similar nature.
3. Not to disclose the information to others, without the express written permission of WILLIAM J. BOYER, JR., except that:
    a. which [e.Digital] can demonstrate by written records was previously known;
    b. which are now, or become in the future, public knowledge other than through acts or omissions of [e.Digital; or]
    c. which are lawfully obtained by [e.Digital] from sources independent of [e.Digital];
4. That [e.Digital] shall not directly or indirectly acquire any interest in, or design, create, manufacture, sell or otherwise deal with any item product, containing, based upon or derived from the information, except as may be expressly agreed to in writing by WILLIAM J. BOYER, JR.
5. It is understood and agreed that the subject matter and information being disclosed, and all novel aspects thereof, shall not be used commercially, nor otherwise to others by [e.Digital], either directly or indirectly, without the express prior written consent of WILLIAM J. BOYER, Jr.
6. Non-Competition: [e.Digital] agrees not to compete with APS, Inc. directly or indirectly during the term of this Agreement and for a period of seven (7) years after the termination of this agreement anywhere in the world by years after termination of this agreement anywhere in the world by manufacturing and/or selling like or similar components: (any and all components that APS, Inc. and manufactured, designed etc.[) e.Digital] shall be deemed to be competing with APS, Inc. if it is a general or limited partner in a partnership that is competing with APS, Inc., or if [e.Digital]

---

[5]Docket No. 123.

[6]*Id.*

          directly or as association is competing with APS, Inc.

7. Binding Effect of Agreement: [e.Digital] and APS, Inc. agree that all the terms and provisions of this agreement are valid and binding at all times. WILLIAM J. BOYER, JR., will be entitled to obtain an injunction to prevent threatened or continued violation of this Agreement, but failure to enforce this Agreement will not be deemed a waiver of this Agreement.[7]

Plaintiff argues that Defendant e.Digital is in breach of the 2002 NDA, particularly Paragraph 6, as a result of Defendant's development and sale of its eVU player.

## III. DISCUSSION

The first question that must be addressed is what law applies to the 2002 NDA. The Agreement does not contain a choice of law provision. In order to determine which law applies, the Court applies the conflict of laws rules of Utah, the forum state.[8] Utah has adopted the "most significant relationship" test set out in Section 188 of the Second Restatement of Conflicts of Laws as the rule to apply to a conflict of laws question in a contract dispute.[9] Under that test, in the absence of a choice of law provision, courts are to consider the following factors: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicil, residence, nationality, place of incorporation and place of business of the parties.[10]

In evaluating these factors courts are to take into account: (a) the needs of the interstate and international systems; (b) the relevant policies of the forum; (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular

---

[7]Docket No. 75, Exhibit A.

[8]*Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 887 (10th Cir. 1991).

[9]*Am. Nat'l Fire Ins. Co. v. Farmers Ins. Exchange*, 927 P.2d 186, 190 (Utah 1999).

[10]Restatement (Second) Conflict of Laws § 188(2) (1971).

issue; (d) the protection of justified expectations; (e) the basic policies underlying the particular field of law; (f) certainty, predictability and uniformity of result; and (g) ease in the determination and application of the law to be applied.[11]

A number of the factors set forth above are evenly split between the two parties. The others factors depend on factual issues which are hotly disputed by the parties. The Court believes that it is premature to rule on Plaintiff's Motion because further discovery is necessary to decide the issues presented by the Motion. Even if the Court were able to determine the applicable law at this early stage of the litigation, factual issues prevent summary judgment at this time. Therefore, the Court will deny Plaintiff's Motion for Partial Summary Judgment without prejudice to its later refiling, if appropriate.

## IV.  CONCLUSION

It is therefore

ORDERED that Plaintiff's Motion for Partial Summary Judgment (Docket No. 69) is DENIED WITHOUT PREJUDICE. It is further

ORDERED that Defendant's Motion to Continue Pursuant to Rule 56(f) (Docket No. 93) and Plaintiff's Motion to Strike (Docket No. 112) are DENIED AS MOOT.

DATED   October 11, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] *Id.* § 6(2).