IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DIGECOR, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>E.DIGITAL CORPORATION, a Delaware corporation; et al. WILLIAM BLAKELEY; FRED FALK; and DOES 1 to 20, individuals,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES AND DENYING PLAINTIFF'S REQUEST TO FILE SUR-REPLY.**<br><br>Case No: 2 06 cv 437 TS<br><br>Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Plaintiff's Motion to Compel Production of Documents and Responses to Interrogatories[1] and Plaintiff's Ex Parte Request to File Sur-Reply[2] are before this Court. For the reasons set forth below, Plaintiff's motion to compel is GRANTED IN PART and Plaintiff's Request to file sur-reply is DENIED.

## BACKGROUND

In June 2007, Plaintiff digEcor, Inc. (digEcor) served its Interrogatories and Requests for Production of Documents upon Defendant e.Digital (e.Digital).[3] e.Digital served its Objections, Answers and Responses in September 2007.[4] e.Digital did not include any responsive documents, but stated that it would provide documents responsive to some of the requests.[5] e.Digital asserted several boilerplate objections to document requests and interrogatories, about

---

[1] Motion to Compel Production of Documents and Responses to Interrogatories, docket no. 134, filed Dec. 21, 2007.
[2] Docket no. 14, filed March 19, 2008.
[3] Memorandum in Support of digEcor's Motion to Compel (Memo to Compel), ii, docket no. 135, filed Dec. 21, 2007.
[4] *Id.*
[5] Declaration of David Tufts, ¶ 2, attached as Exhibit A to Memo to Compel.

which digEcor expressed its dissatisfaction to e.Digital's counsel.[6] Counsel for both parties had several oral and written communications regarding the inadequacy of e.Digital's document production and responses to interrogatories.[7] Counsel for e.Digital was less than responsive to the inquiries from digEcor.[8]

digEcor produced 6,500 pages of documents to e.Digital on November 19, 2007.[9] On November 26, 2007, counsel for e.Digital agreed to produce certain requested and responsive documents within two weeks.[10] At the end of the two weeks, on December 10, 2007, counsel for e.Digital informed counsel for digEcor that the requested documents had been shipped from e.Digital to e.Digital's counsel but had not yet been received, and that they would provide the documents to digEcor's counsel as soon as possible.[11] A few days later, on December 14, 2007, counsel for digEcor received a CD containing 332 pages of documents, which addressed some, but not all, of digEcor's discovery requests.[12] One week after receiving these documents, digEcor filed this Motion to Compel.

On January 22, 2008, e.Digital filed its Opposition Memorandum and on the same day produced supplemental answers to certain interrogatories[13] and approximately 8,000 responsive documents – totaling approximately 32,000 pages.[14] On February 6, 2008, e.Digital claims to have completed its production,[15] though additional documents were delivered February 8, 2008,

---

[6] Memo to Compel, ii.
[7] *Id*. at ii-iii.
[8] *Id*.
[9] *Id*. at iii.
[10] *Id*. at iii-iv.
[11] *Id*. at iv.
[12] *Id*. at v.
[13] Memorandum in Opposition to Plaintiff's Motion to Compel (Memo in Opposition), 2, docket no. 144, filed Jan. 22, 2008.
[14] Reply Memorandum in Support of digEcor's Motion to Compel (Reply), 1, docket no. 145, filed Feb. 4, 2008.
[15] Sur-Reply Memorandum in Opposition to Plaintiffs' Motion to Compel (Sur-Reply), 2, docket no. 148, filed Feb. 21, 2008.

and February 21, 2008.[16]  On February 21, 2008, e.Digital served its privilege log.[17]  This last date is two months after this motion was filed.

digEcor filed this motion in order to compel e.Digital to produce certain documents and answers to interrogatories that were requested in June 2007.  When documents were produced during the pendency of this motion,[18] digEcor suggested that its attorneys fees incurred in filing the motion should be paid by e.Digital.[19]

There is still a dispute about the completeness of the production and responses to interrogatories. . DigEcor claims there are deficiencies in interrogatory responses and responses to document requests not subject of the original motion.[20]  Rather than prolonging this motion on these evolved issues, the parties will be required to meet and confer about the new issues raised by digEcor's recent filing.

Because e.Digital produced so many documents after this motion was filed, e.Digital must pay digEcor's reasonable expenses of this motion, including attorney's fees.  The claim may not include the costs of reviewing produced documents.

On the current record, e.Digital's answers to Interrogatories 10, 14, 15, and 16 (briefed in the original motion) are insufficient.  e.Digital will be required to provide adequate answers to these interrogatories as instructed below.

---

[16] Affidavit of Ian S. Davis at 2, attached to Ex Parte Request to File Sur-Reply (Request to File Sur-Reply), docket no. 14, filed March 19, 2008.
[17] Sur-Reply, 4.
[18] Sur-Reply, 2.
[19] Reply, 9.
[20] Request to File Sur-Reply at 2.  The original motion dealt with Requests 2, 17, 18, 24 and 34.  The proposed Sur-Reply deals with requests 4-5, 7, 14-16, 19-23, 27-28, 42-43, and 45, as well as Interrogatories 8-9 and 19.  *Id* at 2-5.

**Production of Documents and Answers to Interrogatories**

Rule 37 of the Federal Rules of Civil Procedure permits a party to move for an order compelling disclosure or discovery.[21] The moving party is required to certify that it has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."[22] digEcor's efforts to resolve the discovery issues have been in good faith. digEcor made several efforts to meet-and-confer with e.Digital's counsel, and digEcor agreed to several compromises pushing back the due date for document production.[23]

e.Digital argues that it has also acted in good faith because it was doing the best it could given its limited resources,[24] but given e.Digital's original objections and its incongruous subsequent behavior and arguments, the Court finds that e.Digital would not have completed its production of documents without digEcor's motion.

Production of Documents

At this point, an order compelling production of materials sought in the original motion is apparently unnecessary because digEcor does not contradict[25] e.Digital's claim that it has now produced all documents requested and responsive to the requests briefed in the original motion and a privilege log cataloguing the omitted documents.[26] Any objections digEcor has with regard to other document production requests must be brought before the Court in a new motion.

---

[21] Fed. R. Civ. P. 37(a)(1).
[22] *Id.*
[23] Memo to Compel, ii-iv.
[24] Memo in Opposition, 1-2.
[25] Request to File Sur-Reply.
[26] Sur Reply, 2, 4.

Because the merits of digEcor's arguments regarding production of the documents bears on the award of expenses, and may have other future relevance, the Court analyzes the requests and objections.

*Document Request No. 2 – dealing with sensitive programming information*

e.Digital's original objection was that the request was burdensome and sought privileged, confidential information.[27]  digEcor's thorough analysis of burden on this and all other objections shows that e.Digital failed to provide sufficient detail about the nature of the burden.[28] digEcor further noted that because the Court has already issued a stipulated protective order, the confidentiality of the information is already protected.[29]  Furthermore, privilege can only be asserted as an express claim accompanied by a detailed privilege log that can be assessed by the requesting party.[30]  e.Digital's assertion of privilege in their objection to this request was improper in the absence of a privilege log.

In its Memo in Opposition, e.Digital apparently abandons its original objection and simply asks that the Court to forbear from ruling on the issue because the parties are working in good faith toward a resolution of the dispute over how to provide this sensitive information "under conditions designed to protect it from exposure to any unauthorized persons."[31]  digEcor again refers to the stipulated protective order, which restricts dissemination of confidential information to attorneys and their experts only.[32]  The protective order should resolve the only valid objection.

---

[27] Memo to Compel, vii.
[28] Memo to Compel, 2 (quoting *Horizon Holdings, LLC v. Genmar Holdings, Inc*., 209 F.R.D. 208, 213 (D. Kan. 2002)).
[29] Memo to Compel, 3.
[30] Fed. R. Civ. P. 26(b)(5)(A).
[31] Memo in Opposition, 3.
[32] Reply, 3.

*Document Requests No. 17, 18, and 24 – dealing with e.Digital's sales and pricing strategy for its eVU product*

e.Digital's original objection suggests that this request is, among other vices, vague, ambiguous, overbroad, unduly burdensome, oppressive, irrelevant, and seeking confidential information.[33] e.Digital fails, however, to support these assertions.[34] Its Memo in Opposition abandons most of its original objection and argues only that this information is irrelevant and confidential.[35] However, digEcor sensibly argues that this information is highly relevant in addressing damages for e.Digital's breach of non-competition agreements and unfair competition, and for addressing e.Digital's counterclaim that digEcor has tortiously interfered with e.Digital's sales of the eVU by making defamatory remarks and causing e.Digital to lose sales.[36] digEcor further argues that if such financial information was truly sensitive, e.Digital must make a motion seeking protection and present evidence showing why heightened protection is warranted.[37] digEcor is also entitled to these documents.

*Document Request No. 34 – dealing with documents pertaining in any way to e.Digital's agreement with Mezzo Movies or any other person serving as a middleman between e.Digital and eVU users.*

e.Digital's original objection to this document request was identical to its objection to Document Requests No. 17, 18, and 24.[38] e.Digital again abandons its original objection, and the document(s) requested were apparently served on the day the Memo in Opposition was

---

[33] Memo to Compel, ix.
[34] *Id.* at xi, 1-3.
[35] *Id.* at ix; Memo in Opposition, 3-4.
[36] Memo to Compel, x.
[37] Memo to Compel, 3, 5. See *Rebman v. Follet Higher Educ. Group, Inc.*, 2007 WL 1303031, 4 (M.D.Fla. 2007) (noting that the burden is upon the party from whom discovery is sought to move for a protective order if good cause exists to support such an order); *Costa v. AFGO Mechanical Services, Inc.*, 237 F.R.D. 21, 23-24 (E.D.N.Y. 2006) (holding that a party may not independently withhold production without a protective order and that the burden is on the producing party to establish the need for a protective order).
[38] Memo to Compel, xi.

filed.[39] However, because the responsive document(s) was apparently one of the 32,000 pages of documents produced that day, digEcor requests that the Court order e.Digital to identify with specificity the documents responsive to this request per Rule 34(b)(2)(E)(1),[40] which requires a party producing documents or electronic information to "organize and label them to correspond to the categories in the request."[41] This request is reasonable.

digEcor is entitled to the above documents. If e.Digital provided the required documents in the 32,000 pages of produced documents, e.Digital must organize and label the documents in a manner that corresponds to the document requests under Rule 34(b)(2)(E)(1).

Production of Answers to Interrogatories

digEcor takes issue with four of e.Digital answers to interrogatories. The Court finds that digEcor is entitled to adequate answers to each of these interrogatories and to a method of reviewing responsive documents that permits digEcor to identify and locate relevant documents as readily as e.Digital could.

*Interrogatory No. 10 - Identify each and every communication and all persons with whom e.Digital has communicated in an effort to sell the eVU or any related content.*

Defendants answered this interrogatory with a general objection, and also because it requested confidential information and was "vague, ambiguous, overbroad, unduly burdensome, oppressive and seeks information that is not relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence."[42] After making this generic objection, e.Digital then provided a partial answer, listing over 30 airlines and including a copy of a general email sent to all of those airlines regarding e.Digital's product.[43] On the day

---

[39] Memo in Opposition, 4.
[40] Reply, 2, 5.
[41] Fed. R. Civ. P. 34(b)(2)(E)(i).
[42] Memo to Compel, xiii.
[43] *Id.* at xiv-xv.

e.Digital filed its memo in opposition, it also served "numerous documents responsive to this interrogatory" contained within the 32,000 documents served.[44]

digEcor argues that this answer is insufficient for several reasons that the Court finds persuasive. The information was requested in relation to (1) digEcor's claim that e.Digital made false statements to customers about the origin of a digEcor product,[45] and (2) digEcor's claim that e.Digital breached a non-compete agreement.[46] e.Digital's answer included only one written solicitation apparently sent to several airlines, but the interrogatory requests identification of *each and every* such communication.[47] This general email may have been the extent of the communications, but if so, e.Digital should have simply said so, rather than object to the interrogatory.

e.Digital's Memo in Opposition does not address its initial objection to the interrogatory, but rather claims that the initial answer, combined with the "numerous documents" filed on the day they filed their memo in opposition, "fairly answered the interrogatory."[48] digEcor's request that e.Digital organize and identify with specificity which documents address which interrogatory is not unreasonable. Rule 33(d) requires that if a producing party answers an interrogatory by providing business records, those records must be specified in such a way that would allow the interrogating party to locate and identify the relevant records as readily as the producing party could.[49] The documents responding to interrogatories must be specified in a way that would allow digEcor to identify the documents relevant to each interrogatory as readily as e.Digital could.

---

[44] Memo in Opposition, 4-5.
[45] Memo to Compel, xv.
[46] *Id.* at xv-xvi.
[47] Reply, 6.
[48] Memo in Opposition, 4-5.
[49] Fed. R. Civ. P. 33(d).

8

*Interrogatory No. 14 – Identify all communications you claim digEcor has made about e.Digital that are false, defamatory, or harassing in any way.*

e.Digital's original objection suggests that this interrogatory is overbroad and unduly burdensome,[50] and on November 26, 2007, e.Digital's counsel agreed to provide a supplemental response to this answer.[51] e.Digital, again abandoning its original objection, provided a supplemental response, stating that "the companies to which digEcor made such misrepresentations include, but are not limited to, Alitalia and Lufthansa."[52] This answer is far from adequate. The interrogatory asks for *all* communications e.Digital claims included false, defamatory or harassing information, and e.Digital has alluded to only two of "several"[53] alleged recipients of such communications without providing any information about the content of the statement, who at digEcor initiated the communication, when it was made, and who received the communication. digEcor is entitled to a complete answer to this interrogatory.

*Interrogatory No. 15 – Identify every communication you have received from any person about their communications with digEcor.*

e.Digital's standard generic objection[54] was again abandoned when it announced that on the day of filing the Memo in Opposition, "numerous documents responsive . . . to this interrogatory" were filed.[55] It also promised to produce any other documents that "should come to light pertinent to this interrogatory."[56] Again, Rule 33(d) requires that e.Digital specify the records in detail to enable digEcor to locate and identify the responsive documents within the

---

[50] Memo to Compel, xvi.
[51] *Id.* at xvii.
[52] Reply, 7.
[53] *Id.* at 8.
[54] Memo to Compel, xviii.
[55] Memo in Opposition, 5.
[56] *Id.*

32,000 documents provided.[57] e.Digital's failure to specify the relevant documents make this answer inadequate.

*Interrogatory No. 16 – Identify each and every communication you have received from any person that has threatened a claim against e.Digital relating to the hardware, software, or some other aspect of the digEplayer 5500.*

digEcor addresses e.Digital's generic objection to this interrogatory by noting that the interrogatory seeks information upon which e.Digital bases its counterclaim that digEcor is marketing products that contain software code that is the property of third parties and thus puts e.Digital at risk of suit by those other parties.[58] This interrogatory clearly asks e.Digital to identify those individuals who have threatened a claim against e.Digital relating to digEplayer 5500 technology. e.Digital's Memo in Opposition does not address digEcor's arguments on this interrogatory; therefore, e.Digital must provide an answer.

## **Payment of Attorneys Fees**

After digEcor filed this motion, e.Digital began to produce the documents requested in the motion.[59] digEcor correctly argues that this court must order e.Digital to pay digEcor's attorney's fees incurred in filing this motion.[60]

Rule 37(a)(5)(A) provides that

if the disclosure or requested discovery is provided after the motion was filed … the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
  i. the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
  ii. the opposing party's nondisclosure, response, or objection was substantially justified; or
  iii. other circumstances make an award of expenses unjust.[61]

---

[57] Fed. R. Civ. P. 33(d).
[58] Memo to Compel, xix.
[59] Memo in Opposition, 2.
[60] Reply, 9.

The Court is not persuaded by e.Digital's arguments against paying digEcor's reasonable expenses. First, none of the exceptions to the Rule apply to e.Digital. digEcor attempted in good faith to obtain the documents and answers without court action, including numerous letters and phone calls and agreeing to several extensions.[62] e.Digital's delay in producing the documents and answers was not justified. e.Digital's post-motion abandonment of its initial legally insupportable objections and inadequate answers shows that e.Digital did not make a genuine effort to produce documents and answer interrogatories, but rather hoped to avoid responding to these requests. The Court is persuaded that the award of expenses is just. e.Digital was given several extensions and yet failed to produce the documents and answers. Its response was extremely delayed, and even after it agreed anew in September 2007 to produce certain documents, it failed to do so until after the motion was filed.

e.Digital's reference to the factors considered in 10th Circuit courts in determining whether sanctions are appropriate only serve to further illuminate the propriety of awarding expenses.[63] The Court considers e.Digital's unjustified delay in producing documents and answers, as well as its indefensible initial responses, interference with the judicial process and highly indicative of e.Digital's culpability. The volume of documents produced after the motion was filed shows the prejudice caused. e.Digital was also "warned" in advance by the fact that an established rule of civil

---

[61] Fed. R. Civ. P. 37(a)(5)(A).
[62] Memo to Compel, ii, iii
[63] Sur-Reply, 4-5 (quoting *Wright Express. Fin. Servs. Corp. v. ACAS Acquisition*, 2007 WL 3243678 (D.Utah 2007).

procedure requires imposition of fees for just the behavior in which e.Digital had been engaged.[64]

The Court finds that e.Digital must pay digEcor's reasonable expenses incurred in making this motion. This does not include expenses of review of documents which is necessary in any document exchange. The Court will not award digEcor's expenses before December 18, 2007, which, according to counsel for digEcor, was the day on which digEcor began work on this motion.[65] e.Digital may submit a memorandum discussing the reasonableness of the hourly rate and hours spent on this motion on or before April 4, 2008. digEcor may respond on or before April 11, 2008.

## CONCLUSION AND ORDER

e.Digital delayed production of documents and provided inadequate answers to interrogatories. Only after digEcor filed this motion did e.Digital begin to take the request for production of documents and answers to interrogatories seriously, and it did not produce the requested and responsive documents in an organized manner as required by Rule2 33(d) and 34(b). This delayed and unacceptable response warrants the award of digEcor's reasonable expenses associated with this motion.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Production of Documents and Answers to Interrogatories[66] is GRANTED IN PART.

---

[64] *See* Fed. R. Civ. P. 37(a)(5)(A).
[65] Affidavit of David W. Tufts, 2, attached as Exhibit G to Reply.
[66] Motion to Compel Production of Documents and Responses to Interrogatories, docket no. 134, filed Dec. 21, 2007.

IT IS ORDERED that Defendant shall organize and label the documents produced to correspond with the categories in the document requests discussed in this order, per Rule 34(b)(1)(E).

IT IS FURTHER ORDERED that Defendant shall provide adequate answers to Interrogatories 10, 14, 15, and 16.  If the answer to an interrogatory is provided in the form of business records, Defendant shall specify the records to be reviewed in answer to interrogatories in a manner that would allow Plaintiff to locate and identify them as readily as Defendant could, per Rule 33(d).

IT IS FURTHER ORDERED that on or before April 4, 2008, Defendant shall submit a memorandum addressing the proper amount to be awarded for Plaintiff's expenses in making this motion.  digEcor may respond on or before April 11, 2008.

IT IS FURTHER ORDERED that the Ex Parte Request to File Sur-Reply[67] is DENIED.

DATED this 22nd day of March, 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[67] Docket no. 14, filed March 19, 2008.