IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DIGECOR, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>E.DIGITAL CORPORATION, a Delaware corporation, WILLIAM BLAKELEY; FRED FALK; and DOES 1 to 20, individuals,<br><br>Defendants. | **MEMORANDUM DECISION AAWARDING EXPENSES INCURRED IN PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND RESPONSES TO INTERROGATORIES**<br><br>Case No: 2 06 cv 437 TS<br><br>Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Plaintiff's Motion to Compel Production of Documents and Responses to Interrogatories[1] was GRANTED IN PART,[2] and the award of Plaintiff's expenses in making the motion[3] was subject of further submissions.[4]

Plaintiff claimed compensation for 57.2 hours of attorneys' work in connection with the motion, including efforts before filing the motion to meet and confer, and an allowance for anticipated argument and hearing preparation. No hearing was held

. Plaintiff concedes that the number of hours should therefore be 51.7.[5] The total amount originally claimed for the 57.2 hours was 14,187.50. Reducing the specific time entries for meet and confer work and argument results in a revised total for fees of $12,730.00. Plaintiff also claims $26.60 for legal research expense.

---

[1] Motion to Compel Production of Documents and Responses to Interrogatories, docket no. 134, filed Dec. 21, 2007.
[2] Memorandum Decision and Order . . . , docket no. 159, filed March 22, 2008.
[3] The expenses were claimed in Exhibit G to Memorandum in Support of digEcor's Motion to Compel (Supporting Memorandum), docket no. 135, filed Dec. 21, 2007.
[4] Memorandum in Opposition to Plaintiff's Statement of Attorney's Fees (Opposition Memorandum), docket no. 162, filed April 4, 2008; Reply to e.Digital's Memorandum in Opposition to Plaintiff's Statement of Attorney's Fees (Reply Memorandum), docket no. 171, filed April 11, 2008; and Affidavit of David Tufts (Tufts' Second Affidavit) filed with Reply Memorandum, docket no. 172, filed April 11, 2008.
[5] Reply Memorandum at 2.

Plaintiff does not claim or itemize expenses incurred in reviewing Defendant's sur-reply or in filing Plaintiff's motion for sur-reply, or in this dispute about expenses to be awarded.[6]

Defendant objects that certain time entries are unrelated to the motion, or too vaguely identified to be subject of award,[7] but Plaintiff's counsel avers that the time entries summarized are all related to this motion.[8]  Defendant also objects to assessment of any expenses for "research,"[9] but the Plaintiff's position that such expenses are recoverable is correct.[10]  Finally, Defendant objects to Plaintiff's lead counsel doing too much of the drafting.[11]  But this does not appear to be an excessive amount of time.

The magistrate judge finds that the sum of $12,730.00 represents the fees reasonably incurred in the motion to compel.  However, the motion was granted in part, so the total fee claim shall be reduced 25% to $9,547.50, to which the legal research expense of $26.60 shall be added.

## ORDER

IT IS HEREBY ORDERED that on or before July 7, 2008, Defendant shall pay to Plaintiff the sum of $9,574.10.

DATED this 17th day of June, 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[6] Tufts' Second Affidavit ¶18 at 4.
[7] Opposition Memorandum at 6-8.
[8] Tufts' Second Affidavit ¶10 at 3.
[9] Opposition Memorandum at 8-9.
[10] Reply Memorandum at 4-5.
[11] Opposition Memorandum at 5 n.1 and Exhibit 2, page 2.