Samuel C. Straight (7638)
Ryan B. Bell (9956)
RAY QUINNEY & NEBEKER, P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
    Telephone: (801) 532-1500

*Attorneys for Defendant e.Digital Corporation, William Blakeley, and Fred Falk*

IN THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| DIGECOR, INC., a Washington corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>E.DIGITAL CORPORATION, a Delaware corporation; DOES 1 to 20, individuals;<br><br>            Defendants. | MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS MOTION TO QUASH<br><br><br>Civil Case No. 02:06-CV - 00437<br><br>Judge Ted Stewart<br>Magistrate Judge David O. Nuffer |

Defendants e.Digital Corporation, William Blakeley and Fred Falk submit this Memorandum in Opposition to digEcor, Inc.'s Motion for Leave to File Sur-Reply.

**ARGUMENT**

digEcor's Motion for Leave to File Sur-Reply seeks to obtain an unfair advantage and should be denied.  The Motion requests leave to file digEcor's third brief on the relatively simply matter of whether e.Digital's subpoenas to third-parties are proper.  digEcor has already filed two briefs and multiple supporting documents in support of its motion, compared with e.Digital's single brief.  Given the relative simplicity of the issues raised in the motion, there is simply no need for yet more briefing on the subject.

digEcor attempts to justify its third brief on the rationale that it possesses new evidence on the matter. It cites two recent depositions as a means of showing that neither DeCuir, Inc. nor Triad Engineering possess relevant information. This argument is flawed in two respects. First, the citations are selective, leaving out the portions of testimony in which both Mr. DeCuir and Mr. Rampey expressed uncertainty about whether e.Digital's proprietary information was used or passed on during their involvement in developing a new product for digEcor. If digEcor's third brief is accepted by the Court, e.Digital would seek the opportunity to submit its own citations, showing testimony that counters digEcor's cited testimony.

Secondly, even if digEcor's citations told the full story, they would still be unreliable, given that these depositions were taken in the absence of the very documents e.Digital seeks in the subpoenas that have been held up by digEcor's Motion to Quash. In other words, due to the pending motion to quash, e.Digital has been deprived of the documents needed to ask relevant questions of these witnesses in their depositions. Without such documents, e.Digital has not been able to elicit some of the testimony that would be of highest value in proving its counterclaim. digEcor's use of these depositions to prove that DeCuir and Triad do not possess relevant evidence, when digEcor's Motion to Quash has made such evidence difficult to obtain is untenable and should be rejected by the Court.

Because a third brief would give digEcor an unfair advantage, and because digEcor's citations to supposed new evidence are selective and unreliable, its Motion for Leave to File a Sur-Reply should be denied.

## CONCLUSION

For the reasons stated above, digEcor's Motion for Leave to File Sur-Reply Memorandum should be Denied.

DATED this 23rd day of July, 2008.

        RAY QUINNEY & NEBEKER, P.C.

        /s/ Ryan B. Bell
        Samuel C. Straight
        Ryan B. Bell
        *Attorneys for Defendants e.Digital Corporation,*
        *Fred Falk, and William Blakeley*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of July, 2008, I electronically filed the foregoing MEMORANDUM IN OPPOSITION TO DIGECOR'S STATEMENT OF FEES with the Clerk of Court using the CM/ECF System which sent notification of such filing to the following:

>David W. Tufts
>DURHAM JONES & PINEGAR
>111 E. Broadway, Suite 900
>Salt Lake City, Utah 84111

/s/ Lisa Bonnell

976693