IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DIGECOR, INC., a Washington corporation,<br><br>Plaintiff,<br><br>vs.<br><br>E.DIGITAL CORPORATION, a Delaware corporation; et al. WILLIAM BLAKELEY; FRED FALK; and DOES 1 to 20, individuals,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**<br><br>Case No: 2:06 cv 437 TS<br><br>District Judge Ted Stewart<br><br>Magistrate Judge David Nuffer |

Plaintiff digEcor, Inc. ("digEcor") moved[1] for entry of a protective order to bar or, in the alternative, limit certain discovery requests made by e.Digital Corporation ("e.Digital"). The Court has carefully reviewed the motions, memoranda, relevant legal authorities, and other materials submitted by the parties. For the reasons set forth below, Plaintiff's Motion for Protective Order is GRANTED IN PART.

**Introduction**

The business relationship of Plaintiff digEcor and Defendant e.Digital has evolved into one of competitors selling digital video players to airline companies. Their relationship started when original digital video player, the digEplayer 5500, was conceived by digEcor, developed by e.Digital, and marketed by digEcor. Both companies now, however, have developed digital video players that they claim to be improvements over the original digEplayer 5500. digEcor's new player is the digEplayer XT and e.Digital has entered the retail market selling the eVU.

---

[1] Motion for Protective Order, docket no. 197, filed July 14, 2008.

This suit arises out of various agreements between digEcor and e.Digital which concern the use of certain digital video player intellectual property.

Plaintiff digEcor alleges e.Digital's marketing of the eVU breached the parties' agreements.[2]  Plaintiff digEcor is seeking additional damages for breach of a Purchase Order agreement, alleging non-delivery of digEplayer units by e.Digital.[3]  Defendant e.Digital's counterclaim alleges that digEcor's digEplayer XT is improperly based on e.Digital's design of the digEplayer.[4]  Thus, digEcor, which claims to have originated the concept and e.Digital, which made the first implementation for sale by digEcor, now argue about their rights in their current respective products.

### Discovery Dispute

Plaintiff digEcor, by motion for protective order, objects to e.Digital's discovery requests[5] on several grounds.[6]  Generally, these are that the requests are overly broad, unduly burdensome, and impermissible because the requests seek sensitive trade secret and confidential commercial information.[7]

Most specifically, Plaintiff digEcor contends that the requests seek information that is irrelevant to e.Digital's counterclaims.[8]  Plaintiff digEcor argues that deposition testimony and affidavits[9] show that the design of its XT is in no way based on e.Digital's proprietary or confidential information and that this factual showing makes the requests irrelevant.

---

[2] Amended Complaint ¶ 40 at 10, docket no. 84, filed May 2, 2007.
[3] *Id.* ¶ 47 at 11.
[4] Defendant's Second Amended Counterclaim ¶¶ 27, 33-4 at 8, 10, docket no. 78, filed April 27, 2007.
[5] The discovery requests are in the record with a Notice of Lodging, docket no. 201, filed July 15, 2008.
[6] Memorandum in Support of Motion for Protective Order (Memorandum in Support) at 3, docket no. 198, filed July 14, 2008.
[7] *Id.*
[8] *Id.*
[9] *Id.* at 3-7; *See also,* Exhibits 1-5 attached to Memorandum in Support.

However, it is clear that digEcor and two of the digEcor Suppliers (DeCuir, Inc. and Wolf Electronix) possessed e.Digital confidential information from the original digEplayer design.[10] digEcor does not deny that e.Digital confidential information was transmitted to digEcor and two of its suppliers prior to the development of the digEplayer XT.[11]

Defendant e.Digital identifies several specific facts supporting its belief that e.Digital confidential information was used in the development of the digEplayer XT.[12]

Defendant e.Digital contends the following specific facts support its belief that its information may have been used in the development of the digEplayer XT:

> (1) Mr. Hurst, a digEcor employee, discussed sharing schematics containing e.Digital proprietary information with Triad Engineering;
> (2) e.Digital shared its "technical data package" with DeCuir, Inc. (developer of the digEplayer XT specification);
> (3) meeting minutes drafted by Decuir representatives, and emails from them, discuss the usefulness of e.Digital information;
> (4) the use of e.Digital design documents to adapt the digEplayer components to fit in digEcor's next-generation video player; and
> (5) e.Digital's transmission to digEcor of documents that would have aided in the design of the digEplayer XT.[13]

Defendant e.Digital also points out that the deposition testimony of the DeCuir and Triad representatives, relied on by Plaintiff digEcor in support of its motion, was taken without the third-party documents e.Digital requested via subpoenas.[14] This is due to Plaintiff digEcor's Motion to Quash.

---

[10] Memorandum in Opposition to Plaintiff's Motion for Protective Order (Opposition Memorandum) at 2, docket no. 206, filed August 1, 2008.
[11] *Id.*
[12] *Id.* at 3-7.
[13] *Id.*
[14] *Id.* at 7.

## Discussion

### *Relevance of Discovery Requests*

The Federal Rules of Civil Procedure, allow a party to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."[15] The rule further provides that relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[16] Thus the scope of discovery is broad and, accordingly, a showing of some basis for the claims is all that is needed in order to engage in discovery. A party does not need to survive an evidentiary weighing to engage in discovery.

Defendant e.Digital has provided a sufficient factual basis to warrant discovery as to the development of the digEplayer XT. At a minimum, digEcor and its suppliers had access to e.Digital proprietary information during development of digEcor's digEplayer XT.[17] e.Digital's information would have been useful in developing a digital video player. These facts are enough to support e.Digital's requests for further discovery into information relating to its counterclaims.

The court is unable to rely on the deposition testimony by DeCuir and Triad representatives as conclusive because those depositions were taken when e.Digital had not been able to obtain third-party documents which bear on this issue and would have been useful during those depositions.[18]

### *Overbreadth and Unduly Burdensome*

Although Defendant e.Digital makes requests that may require Plaintiff digEcor to produce a large volume of documents, the requests are not excessively broad or unduly

---

[15] Fed. R. Civ. P. 26 (b)(1).
[16] *Id.*
[17] Memorandum in Opposition at 3-7.
[18] *Id.* at 7.

burdensome. The burden is on the party seeking a protective order to show specific and particular factors why discovery should be limited.[19] Plaintiff digEcor has not carried its burden.

Plaintiff digEcor's basis for its breadth and burden objections is that the requests require the production of "all of digEcor's engineering design documentation and software for its current video player… [ and] all of the engineering design documentation and data relative to all aspect of the digEplayer XT."[20] Plaintiff digEcor has not pointed to any other specific and particular factors showing why the discovery requests are overly broad and unduly burdensome.

Even though e.Digital's discovery requests ask for "all" documents, the requests target discrete categories of documents and are therefore not overly broad on their face. Defendant e.Digital's second and third requests seek discrete documents; namely microcode, engineering plans, and design documents for the digEplayer XT.[21] The fact that e.Digital seeks all such documents does not mean the requests are overbroad. In this case, all such documents are necessary to fully explore the truth of the claims.

### *Request No. 4*

Unlike Request Nos. 2 and 3, Request No. 4[22] does not limit the subject matter of the documents requested. Defendant e.Digital's fourth request for documents reads:

> Request No. 4. Any and all documents that constitute, refer, or relate to any Communications you have had with DeCuir, Inc., Wolf Electronix, Triad Engineering, or VPI Engineering, or any employee, agent or officer thereof.

---

[19] *See Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16, 101 S.Ct. 2193, 68 L.Ed.2d 693 (1981).
[20] Memorandum in Support at 7.
[21] *See* Memorandum in Support at 2 n.1.
Request No. 2. A copy of all versions of the microcode of the digEplayer XT, in all forms (source, binary and executable) including but not limited to all insertions, deletions, modifications, change logs, and comments.
Request No. 3. All engineering plans and design documents for the digEplayer XT,
including but not limited to schematics, bills of materials, mechanical drawings, software specifications, and interface specifications.
[22] This request was the second request labeled "Request No. 3" in Defendant's Second Set of Request for Documents to Plaintiff. Because it was the latter Request No. 3, it will be referred herein as Request No. 4. *See* Notice of Lodging, docket no. 201, filed July 15, 2008.

The request encompasses documents between digEcor and its suppliers that are wholly unrelated to the development of the digEplayer XT, and therefore the request is overly broad. The language "…concerning development of the digEplayer XT…" will be added to Request No. 4. The modified request will read as follows:

> Request No. 4.  Any and all documents that constitute, refer, or relate to any Communications you have had with DeCuir, Inc., Wolf Electronix, Triad Engineering, or VPI Engineering, or any employee, agent or officer thereof concerning development of the digEplayer XT.

### *Discovery of Trade Secrets*

digEcor's final objection is that the information which e.Digital seeks is sensitive trade secret and confidential commercial information.[23] The protective order to which the parties in this case have wisely agreed[24] will sufficiently protect sensitive and confidential information from being used improperly by e.Digital.

The Tenth Circuit has set forth the framework for analyzing whether discovery should be barred when the information sought is alleged to be a trade secret.[25] The resisting party must "first establish that the information sought is a trade secret and then demonstrate that its disclosure might be harmful."[26] Once the resisting party has established the information sought is a trade secret and that a potential risk of harm exists from disclosure, the burden shifts to the party seeking discovery to show both the relevancy and necessity of the information.[27] Finally, the court must then balance the competing interest of the two parties.[28]

It is within the sound discretion of the trial court to "decide whether trade secrets are

---

[23] Memorandum in Support at 8.
[24] Stipulated Motion for Protective Order, docket no. 130, filed October 29, 2007; Protective Order, docket no. 132, filed October 20, 2007.
[25] *Centurion Industries v. Warren Steurer and Associates*, 665 F.2d 323, 325 (10th Cir.1981).
[26] *Id.*
[27] *Id.*
[28] *Id.*

relevant and whether the need outweighs the harm of disclosure."[29] If relevancy and need are shown, then the trade secrets should be disclosed.[30] Once relevancy and necessity for the trade secret information has been found to exist, it is also within the trial court's discretion to ensure that the appropriate safeguards are in place to minimize the harm, if any, which might result from disclosure.[31]

In this case, assuming that Plaintiff digEcor has establish that the information sought is a trade secret and that its disclosure might be harmful, Defendant e.Digital has carried its burden of showing relevancy and necessity. Defendant e.Digital's counterclaims revolve around whether or not e.Digital's confidential information was used in the development of digEcor's digEplayer XT.[32] Therefore, documentation relating to the development of digEcor's digEplayer XT is highly relevant. The information sought by e.Digital is also necessary. The ability of e.Digital to examine the digEcor documentation with respect to the development of the digEplayer XT may be the only way e.Digital can test the validity of its counterclaims. Plaintiff digEcor has not demonstrated an alternative to this method of developing the evidence.

Plaintiff digEcor's documentation will be adequately protected by the Protective Order[33] already in place in this case. The Protective Order provides that access to documents designated "CONFIDENTIAL – ATTORNEY'S EYES ONLY" will be restricted to certain "Qualified Persons"[34] which do not included competitive decision makers. Those receiving these documents must agree to be bound by the provisions of the Non Disclosure Certificate,[35] and are

---

[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] Defendant's Second Amended Counterclaim ¶¶ 27, 33-4 at 8.
[33] Protective Order, docket no. 132, filed October 30, 2007.
[34] *Id.* ¶ 6 at 4.
[35] *Id.* ¶ 7 at 5.

subject to sanctions for any violations of the Protective Order.[36]

### ORDER

IT IS HEREBY ORDERED that the motion for protective order[37] is GRANTED IN PART AS PROVIDED HEREIN.

IT IS HEREBY FURTHER ORDERED that Plaintiff digEcor shall produce the documentation necessary to comply with Request Nos. 2, 3, and 4 (as modified herein) within 20 days of the date of this order.

Dated this 16th day of September, 2008.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[36] *Id.* ¶ 15 at 8.
[37] Motion for Protective Order, docket no. 197, filed July 14, 2008.